IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROGER J. ROELLE,

               Plaintiff,

   v.                                  1:13-cv-3045-WSD

COBB COUNTY SCHOOL
DISTRICT,

               Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Cobb County School District's ("Defendant") First Motion to Dismiss [3] and Second Motion to Dismiss [9] ("Motion to Dismiss"), and Plaintiff Roger J. Roelle's ("Plaintiff") Motion for Leave to File Surreply [20] ("Surreply Motion") and Motion for Leave to File Amended Complaint [24] ("Motion for Leave").

## I.     BACKGROUND

In his Second Amended Complaint [6] ("Complaint"), Plaintiff alleges that on January 24, 2011, Plaintiff, while driving his own vehicle, was struck by a school bus driven by Ms. Collette G. Moore ("Moore"), an employee of Defendant (the "Accident"). (Complaint ¶¶ 11-12). Plaintiff alleges that Moore negligently attempted to turn her vehicle left, failed to yield to oncoming traffic, and struck the

driver's side of Plaintiff's vehicle.  (Id. ¶¶ 12-13).  Plaintiff alleges that as a direct result of "Defendant's" actions, Plaintiff sustained personal injury, and incurred medical expenses of $60,500, lost wages in excess of $15,000, and property losses in excess of $9,500.  (Id. ¶ 14).[1]  Plaintiff alleges that, as a result of "Defendant's" acts, Plaintiff "sustained physical pain and suffering, loss of enjoyment of life, as well as emotional and psychological distress."  (Id. ¶ 15).

On January 23, 2013, Plaintiff filed an action in the State Court of Cobb County ("State Court") against the Cobb County School Board of Education based on the Accident.  (Id. ¶ 17).  The State Court ordered that Defendant be substituted as the proper defendant.  (Id.).

On July 12, 2013, Plaintiff filed an amended complaint to substitute Defendant for the Cobb County School Board of Education.  On September 5, 2013, Plaintiff filed his First Amended Complaint in State Court, raising additional causes of action against Defendant, including claims under the First and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. § 1983.  On September 12, 2013, Defendant filed its Notice of Removal

---

[1]     Plaintiff's injuries include a "four (4) mm. conjuctival laceration to his cournia [sic], permanent eye scarring, partial blindness, severe and painful soft tissue injury to his back and hip, fractured teeth, an undisplaced rib fracture, and a torn rotator cuff."  (Complaint ¶ 14).

[1].  On September 16, 2013, Defendant filed its First Motion to Dismiss, and, on September 30, 2013, Plaintiff filed his Second Amended Complaint.

In his Complaint, in addition to asserting the factual basis for his injuries, Plaintiff states that he is challenging the "statutory scheme of O.C.G.A. § 36-92-1."  Plaintiff challenges the exclusion of "local school system[s]" from the State of Georgia's waiver of sovereign immunity for injuries arising out of claims for the negligent use of a motor vehicle.  (Id. ¶¶ 1-2).  Plaintiff asserts that the Defendant's "official policy" is to "enforce O.C.G.A. § 36-92-1," and this violates: 1) Plaintiff's Federal and Georgia constitutional right to access the courts (Counts One and Three); and 2) the Equal Protection Clause of the Fourteenth Amendment (Count Two).  (Id. ¶¶ 29, 32-34, 36-41).

On October 10, 2013, Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  On November 15, 2013, Plaintiff filed his Surreply Motion, and, on December 4, 2013, Plaintiff filed his Motion for Leave to file a third amended complaint.

---

[2]     On October 27, 2013, Plaintiff filed his Response [18] to the Motion to Dismiss, and, on October 30, 2013, Plaintiff filed its Reply [19].

## II.   DISCUSSION

### A.   Defendant's Motion to Dismiss

#### 1.   Standard of Review

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled.  Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").  The Court, however, is not required to accept a plaintiff's legal conclusions.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The Court also will not "accept as true a legal conclusion couched as a factual allegation."

See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.[3]

To state a claim for relief that is plausible, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citing Twombly, 550 U.S. at 557).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."  Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004)

---

[3]     The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court decided that "this famous observation has earned its retirement."  Id. at 563.

("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).[4]

>2. Sovereign Immunity and O.C.G.A. § 36-92-1

The Eleventh Amendment bars suits against a State brought by both citizens of another state and the State's own citizens, unless a State waives its sovereign immunity. McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256-57 (11th Cir. 2001). Immunity under the Eleventh Amendment has two exceptions. "First, Congress can abrogate eleventh amendment immunity without the state's consent when it acts pursuant to the enforcement provisions of section 5 of the fourteenth amendment. Second, a state may waive its immunity expressly through legislative enactment." Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990) (internal citations omitted). "[I]n the absence of consent[,] a [§ 1983] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Carr, 916 F.2d at 1525 (quoting Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). Thus, "the Eleventh Amendment bars a federal court from exercising jurisdiction

---

[4]     Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

over a lawsuit against a non-consenting State and its agencies."  Vt. Agency of

Natural Res. v. United States, 529 U.S. 765, 778 (2000).

The Georgia Constitution states that "sovereign immunity extends to the

state and all of its departments and agencies."  Ga. Const. Art. I, § II, ¶ IX.

Sovereign immunity "can only be waived by an Act of the General Assembly

which specifically provides that sovereign immunity is thereby waived and the

extent of such waiver."  Ga. Const. Art. I, § II, ¶ IX(e).

O.C.G.A. § 36-92-2 provides that "sovereign immunity of local government

entities for a loss arising out of claims for the negligent use of a covered motor

vehicle is waived" up to specified limits.  O.C.G.A. § 36-92-2(a) (emphasis

added).  O.C.G.A. § 36-92-1(3) defines "[l]ocal government entity" to mean "any

county, municipal corporation, or consolidated city-county government of this

state.  Such term shall not include a local school system."  O.C.G.A. § 36-92-1(3)

(emphasis added).  It is undisputed that Defendant is a "local school system" and

thus not a "[l]ocal government entity" under O.C.G.A. § 36-92-1(3).

3.    Plaintiff's Claims

Plaintiff does not contest that O.C.G.A. § 36-92-1(3) bars a recovery from

Defendant by specifically excluding "local school system[s]" from Georgia's

waiver of sovereign immunity.  (Complaint ¶ 1).  In an attempt to sidestep this

result, Plaintiff asserts that § 36-92-1(3)'s exclusion of a "local school system" such as Defendant is facially invalid and should be "struck down."  (Id. ¶ 2). Plaintiff asserts that the statute: 1) violates his right to access to the courts provided by the First and Fourteenth Amendments to the United States Constitution and Article I, ¶ XII of the Georgia Constitution; 2) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, ¶ II of the Georgia Constitution; 3) "violates federal laws such as 42 U.S.C. § 1983;" 4) directly conflicts with O.C.G.A. § 28-5-48, which defines "[l]ocal political subdivision" to include "county school district[s and] independent school district[s].";[5] and 5) conflicts with Georgia court decisions finding that a school district's immunity is co-extensive with that of a county.  (Id.).

Plaintiff seeks declaratory and injunctive relief to enjoin Defendant from asserting sovereign immunity to bar Plaintiff's claim for damages.  Counts One, Two, and Three of Plaintiff's Complaint address his federal and state constitutional and § 1983 claims that § 36-92-1(3)'s exclusion of "local school system[s]" is unconstitutional.  Count Four asserts, in two paragraphs -- one of which simply incorporates every other allegation in the Complaint -- that if § 36-92-2's waiver of

---

[5]     Section 28-5-48 provides definitions for statutes addressing financial matters concerning state and local government partnerships, and not waiver of sovereign immunity.

sovereign immunity applied to Defendant, Plaintiff would be entitled to assert his claim for recovery against Defendant for his injuries.  (Id. ¶¶ 41-42).

4.   Motion to Dismiss

Defendant asserts that Plaintiff's constitutional and statutory claims to invalidate § 36-92-1(3)'s exclusion of "local school system[s]" fail as a matter of law.  The Court agrees.[6]

a)   Access to the Court Claim

The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances. Woodford v. Ngo, 548 U.S. 81, 122 (2006) (citing Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983)).  Plaintiff's claims that Defendant's assertion of sovereign denies him access to the courts.

As a general rule, an assertion of sovereign immunity by a state government or entity (or the federal government) would always, under Plaintiff's reasoning, deny a person access to the court where the person was seeking redress from the government entity asserting immunity.  Plaintiff does not cite any authority -- and

---

[6]   Because Plaintiff filed his Second Amended Complaint, Defendant's First Motion to Dismiss the original complaint is moot.  See, e.g., Sheppard v. Bank of Am., NA, No. 11-cv-4472, 2012 WL 3779106, at *4 (N.D. Ga. Aug. 29, 2012); see also Lowery v. Ala. Power Co., 483 F.3d 1184, (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

the Court has likewise found no support -- for Plaintiff's contention that the

assertion of sovereign immunity violates his First and Fourteenth Amendment right

of access to the Court, or his Article I, ¶ XII of the Georgia Constitution right to

access.[7] Cf. Garcia v. Wyeth-Ayerst Labs., 265 F. Supp. 2d 825, 834 (E.D. Mich.

2003) (plaintiff's challenge to state statute providing immunity to drug

manufacturers does not support access to the court claim).  Plaintiff, in essence,

asks this Court to find sovereign immunity itself to be unconstitutional.[8]  He does

not provide any guiding principle to limit such a ruling only to § 36-92-1(3)'s

exclusion of "local school system[s]."[9]  It is settled law that the States have

---

[7]     The same legal standard for analyzing a First Amendment claim for denial
of access to the courts applies to the Georgia Constitution.  Cf. Paramount Pictures
Corp. v. Busbee, 297 S.E.2d 250, 253 n.5 (1982)

[8]     Such a ruling, aside from being in contravention to every decision of this
Court and others that has dismissed a governmental entity on sovereign immunity
grounds, would also eviscerate the purpose of the Eleventh Amendment to the
United States Constitution.

[9]     Defendant asserts that Plaintiff is raising a facial challenge to § 36-92-1(3).
Plaintiff asserts that he is only raising an "as applied challenge."  "A facial
challenge asserts that a law always operates unconstitutionally; therefore, a facial
challenge will succeed only if the statute could never be applied in a constitutional
manner."  Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1308 (11th Cir.
2009) (internal citations and quotations omitted).  "An as-applied challenge, by
contrast, addresses whether a statute is unconstitutional on the facts of a particular
case or to a particular party."  Id. (internal citations and quotations omitted).

       Plaintiff, in his Complaint, asserts that § 36-92-1(3)'s exclusion of local
school systems "is facially invalid and should be struck down," and that it is
"unconstitutional on its face."  (Complaint ¶¶ 2, 30).  Plaintiff asserts that he is

sovereign immunity unless it is waived.  See, e.g., McClendon, 261 F.3d at

1256-57.  The Court finds Plaintiff's access to the court argument unprecedented.

      b)     Equal Protection Claim

Plaintiff asserts that § 36-92-1(3) denies him a right to recover against

Defendant while allowing other "similarly situated" civil litigants who suffer loss

due to the negligent operation of a motor vehicle driven by an employee of a local

government entity to recover.  (Complaint ¶¶ 37-38).  This, Plaintiff argues,

violates the Equal Protection Clause.  (Id.).

Plaintiff, however, did not allege that he is being treated differently from

similarly situated individuals.  Plaintiff asserts that he is being treated differently

from individuals who are injured by the negligent operation of a motor vehicle

driven by an employee of a "local government entity."  (Complaint ¶ 37).  Plaintiff,

_____

only raising an "as applied" challenge to § 36-92-1(3), citing his requested relief,
which includes a declaration that § 36-92-1(3) "is a violation of the Right to
Access to Courts under the United States and Georgia Constitutions and is
unconstitutional, as applied to 'local school systems'" and a request to enjoin
Defendant "from enforcement of O.C.G.A. § 36-92-1(3) . . . ."  (Response p. 8).

Plaintiff's requested relief is not limited solely to himself.  Plaintiff asserts
that O.C.G.A. § 36-92-1(3)'s exclusion violates the First and Fourteenth
Amendments of the United States Constitution generally, and not just as applied to
him.  Plaintiff's arguments provide the Court with no guidance as to how it could
rule that § 36-92-1(3)was invalid as to him and yet valid as to other similarly
situated individuals.  The Court, accordingly, construes Plaintiff's challenge as a
facial challenge.  The Court notes, however, that Plaintiff's challenge to the statute
fails under either analysis, as Plaintiff has failed to state a valid claim.

however, was not struck by a motor vehicle driven by an employee of a "local government entity," which, as defined by § 36-92-1(3), specifically excludes "local school system[s]" from the definition of "local government entity."  Plaintiff does not, and cannot, contend that he is being treated dissimilarly from others who have been injured by a motor vehicle driven by an employee of a "local school system." Section 36-92-1(3)'s exclusion of "local school system[s]" from § 36-92-2's waiver of sovereign immunity applies to all individuals and all losses arising out of the negligent use of a motor vehicle.  "Generally speaking, laws that apply evenhandedly to all 'unquestionably comply' with the Equal Protection Clause." Vacco v. Quill, 521 U.S. 793, 800 (1997) (quoting New York City Transit Authority v. Beazer, 440 U.S. 568, 587 (1979)).

Plaintiff's issue with § 36-92-1(3) is not that it treats him differently from others that were, as he alleges, struck by a school bus, but that the State of Georgia choose to exempt "local school system[s]" from its waiver of sovereign immunity. Broadly construed, Plaintiff appears to argue that § 36-92-1(3) has created an impermissible class of persons.  This impermissible class consists of those injured by local government employees that are not afforded a remedy for their injuries.

To the extent that § 36-92-1(3) has created a separate class of individuals, its distinction is not based "upon suspect classifications such as race or national

origin," and, despite Plaintiff's contention otherwise, does not a "infringe fundamental right[s]."  See Williams v. Pryor, 240 F.3d 944, 947 (11th Cir. 2001).

A "'law [that] neither burdens a fundamental right nor targets a suspect class [will be upheld] so long as it bears a rational relation to some legitimate end.'"  Id. at 948 (quoting Romer v. Evans, 517 U.S. 620, 632 (1996)).  "Rational basis scrutiny is a highly deferential standard that proscribes only the very outer limits of a legislature's power."  Id.  "A statute is constitutional under rational basis scrutiny so long as 'there is *any reasonably conceivable state of facts* that could provide a rational basis for the' statute."  Id.  (quoting FCC v. Beach Communications, Inc., 508 U.S. 307 (1993)) (emphasis in original).

While our Circuit has not addressed this specific issue, the Fifth Circuit, in Grimes v. Pearl River Valley Water Supply Dist., held that it was rational for a legislature to provide sovereign immunity to some, but not all, political subdivisions, whether to advance the legislative purpose of the immunized subdivisions or because the immunized subdivisions' source of funding is limited. Grimes v. Pearl River Valley Water Supply Dist., 930 F.2d 441, 444 (5th Cir. 1991).  The court in Grimes held that the plaintiffs failed to show how the sovereign immunity scheme was irrational and that the statutory scheme did not violate the Equal Protection Clause.  Id.  Similarly, the Third Circuit, in

13

<u>Kranson v. Valley Crest Nursing Home</u>, found Pennsylvania's grant of immunity to municipally operated nursing homes, but not to state-operated medical facilities, to be rationally related to encourage the establishment and operation of municipally operated nursing homes.  <u>Kranson v. Valley Crest Nursing Home</u>, 755 F.2d 46, 52-53 (3d Cir. 1985).  The court in <u>Kranson</u> found that the selective waiver of sovereign immunity did not violate the Equal Protection Clause.  <u>Id.</u>; <u>see also</u> <u>Aubertin v. Bd. of Cnty. Comm'rs of Woodson Cnty., Kan.</u>, 588 F.2d 781, 785 (10th Cir. 1978) (Equal Protection Clause not violated by statutory scheme granting immunity to counties from liability for injuries resulting from negligence in construction and maintenance of county roads, but allowing recovery from municipalities for injuries sustained by reason of negligently constructed or maintained city streets, in view of greater difficulty in discovering and correcting defects in county roads).

Applying the highly deferential rational basis standard of review to § 36-92-1(3)'s exclusion of "local school system[s]," it is self-evident that the Georgia legislature could have rationally decided to retain sovereign immunity of local school districts to ensure that these school districts retain sufficient funds to carry out the important work of educating children.  <u>See</u> <u>CSX Transp., Inc. v. City of Garden City</u>, 325 F.3d 1236, 1244 (11th Cir. 2003)(One "modern purpose of the

[sovereign immunity] doctrine is to preserve the protection of the public purse.")
(internal quotations omitted).  The Court agrees with the analyses of the Third,
Fifth, and Tenth Circuits, and concludes that a "reasonably conceivable state of
facts" provides a rational basis for the exclusion.  Plaintiff has not shown how
§ 36-92-1(3) is irrational, and has failed to meet his burden to allege how
§ 36-92-1(3) violates the Equal Protection Clause of the Fourteenth Amendment.

c)   <u>Violation of 42 U.S.C. § 1983</u>

Plaintiff next asserts that the § 36-92-1(3) exclusion of "local school
system[s]" violates § 1983 because § 1983's provides for "Equal Rights Under
Law."  (Complaint ¶ 2).  While not stated in his Complaint, Plaintiff, in his
Response to the Motion, raises his "equal rights" claim under <u>Monell v. Dep't of
Soc. Servs. of City of New York</u>, asserting that the Defendant has an official policy
that deprives him of his constitutional rights.

A county cannot be liable under § 1983 on the basis of respondeat superior.
<u>Grech v. Clayton County</u>, 335 F.3d 1326, 1329 (11th Cir. 2003).[10]  A plaintiff can
prevail against a county only when the county is "actually responsible" for the
deprivation of his or her constitutional rights.  <u>Id.</u>  To state a claim against a
county, the plaintiff must show that the county had an "official policy" that directly

---

[10]     Plaintiff acknowledges that he cannot bring a claim against Defendant on
this basis.  (Response p. 16).

caused a constitutional violation.  Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978).  A plaintiff can establish an official policy of the county by showing either (1) an officially promulgated policy or, (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county.  Id. at 690–91.

Plaintiff argues that Defendant had the ability to obtain insurance coverage to cover losses from the negligent use of its motor vehicles under O.C.G.A. § 33-24-51.  (Complaint ¶ 19).  Plaintiff asserts that Defendant "consciously did not so obtain such coverage, so as not to waive sovereign immunity."  (Id.). Plaintiff further claims that Defendant maintained a "Cobb County Board of Education Defense and Indemnification Plan" (the "Indemnification Plan") which was structured to preclude Plaintiff's ability to recover for his injuries.  (Id.). Plaintiff asserts that Defendant's policy of enacting the Indemnification Plan not to cover injuries such as those suffered by Plaintiff, and of not obtaining separate insurance to cover his injuries as allowed under O.C.G.A. § 33-24-51, forces Plaintiff -- and others like him -- to attack the sovereign immunity conferred by § 36-92-1(3)'s exclusion, and thus is the "moving force behind his injury." (Response p. 17-20).

Section 36-92-1(3), and its exclusion of entities such as Defendant from
§ 36-92-2's waiver of sovereign immunity, is not a policy or custom of Defendant
but a statute enacted by the Georgia legislature.  See King v. Lumpkin, 545 F.
App'x 799, 803 (11th Cir. 2013) (plaintiff failed to state a § 1983 claim because
the bill was "not an official policy of the City of Jonesboro, but rather is a bill
passed by the Georgia legislature").  Even if the Defendant's reliance on
§ 36-92-1(3)'s exclusion is construed as a policy or custom, Plaintiff failed to
establish that Defendant's reliance on sovereign immunity deprived him of a
constitutional right.  Our Circuit has previously held that "[a]utomobile negligence
actions are grist for the state law mill.  But they do not rise to the level of a
constitutional deprivation."  Cannon v. Taylor, 782 F.2d 947, 950 (11th Cir. 1986)
(finding that "a person injured in an automobile accident caused by the negligent,
or even grossly negligent, operation of a motor vehicle by a policeman acting in
the line of duty has no section 1983 cause of action for violation of a federal
right.").[11]  Even if Plaintiff's alleged injuries rose to the level of a constitutional

---

[11]     Plaintiff's reliance on O.C.G.A. § 33-24-51 is also misplaced.  Section
33-24-51 allows "political subdivisions," which purportedly would include
Defendant, to obtain insurance to cover liability for damages resulting from
ownership, maintenance, operation, or use of any motor vehicle.  O.C.G.A.
§ 33-24-51(a).  Section 33-24-51 further allows that the limited waiver of
sovereign immunity under § 36-92-2 to be increased to the extent that the "local
government entity" purchased insurance coverage beyond the scope of the limited

violation, his injuries were not caused by the Defendant, but rather by Moore, when she allegedly struck Plaintiff's vehicle while driving a school bus.[12] (Complaint ¶¶ 12-13).  Defendant's assertion of sovereign immunity did not cause his injuries -- it simply prevents him from recovering monetary damages from Defendant.

To the extent that Plaintiff considers his "injuries" to be the alleged deprivation of his right to access to the court and his right under the Equal Protection Clause, the Court already found that these rights were not violated.

---

waiver.  O.C.G.A. § 33-24-51(b).  Notably, § 33-24-51 does not require "political subdivisions" to acquire such insurance.

[12]     Plaintiff cites to one case that purportedly discusses a local school system's official policy for § 1983 purposes.  Plaintiff argues that in E.N. v. Susquehanna Twp. Sch. Dist., the District Court for the Middle District of Pennsylvania found that plaintiff had to prove that the "school district established and maintained a custom or policy that affirmatively contributed to [plaintiff] being assaulted . . . ." (Response p. 18).  In E.N., the plaintiff alleged that the school district's policies and customs lead to her being sexually assaulted by the school's driving instructor. E.N. v. Susquehanna Twp. Sch. Dist., 09-cv-1727, 2010 WL 4853700, at *6-9 (M.D. Pa. Nov. 23, 2010).  The E.N. decision, even if it were binding authority over the Court, is distinguishable from the instant case.  The plaintiff in E.N. alleged that her actual injury -- the sexual assault -- was the result of the policies or customs of the school.  As noted, Plaintiff's injuries -- those suffered as a result of the Accident -- are not alleged to have been caused by the Defendant's policy of asserting sovereign immunity, but rather were caused by Moore.  (Complaint ¶¶ 12-13).

d)      Alleged Conflict with Georgia Law

Plaintiff next argues that § 36-92-1(3) conflicts with O.C.G.A. § 28-5-48, which defines "[l]ocal political subdivision" to include "county school district[s and] independent school district[s]."  O.C.G.A. § 28-5-48(4).  Plaintiff also cites Davis v. Dublin City Bd. of Educ., 464 S.E.2d 251, 252 (Ga. App. Ct. 1995) to support his contention that the school district's immunity is co-extensive with the county's immunity.  Defendant's status as a political subdivision under § 28-5-48(4) or as discussed in Davis, is not relevant.  Georgia has waived sovereign immunity under § 36-92-2 only for local government entities -- not "local political subdivisions" -- and has expressly excluded local school systems, such as Defendant, from § 36-92-2 .  See O.C.G.A. § 36-92-1(3).

Plaintiff also asserts that the Georgia Court of Appeals has found that a school district's sovereign immunity is waived under § 36-92-2.  See Bomia v. Ben Hill Cnty. Sch. Dist., 740 S.E.2d 185, 188 (2013).  The court in Bomia, citing § 36-92-2(a)(3), (d)(3), stated: "sovereign immunity for local government entities, such as the School District, is waived up to certain limits which are increased to the extent that local government entities purchase commercial liability insurance in excess of the set limits."  Id.  While § 36-92-2 waives sovereign immunity for local government entities up to certain amounts, the statute's definition of "local

government entities" excludes school systems such as Defendant.  <u>See</u> O.C.G.A.

§ 36-92-1(3).

        e)    <u>Pleading Sufficiency</u>

Defendant asserts that Counts One (First Amendment), Two (Equal

Protection Clause), and Four (Personal Injury and Property Damage) of Plaintiff's

Complaint "employs the disapproved technique of shotgun pleading,"[13] and that

these counts does not satisfy the pleading standard set forth in <u>Twombly</u> and <u>Iqbal</u>.

(Motion to Dismiss p. 5-9).  Defendant asserts that Court Four fails to explain how

Defendant is liable or responsible for Plaintiff's injuries, which Plaintiff admits

were caused by Moore's alleged negligence.  (Motion to Dismiss p. 7; Complaint

¶¶ 12-13).

The Court agrees.  The Court already noted that Count's One and Two fail to

raise a claim that § 36-92-1(3)'s exclusion of "local school system[s]" -- or

Defendant's reliance on sovereign immunity -- denies him access to the courts or

violates the Equal Protection Clause.

---

[13] "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." <u>Wagner v. First Horizon Pharm. Corp.</u>, 464 F.3d 1273, 1279 (11th Cir. 2006). "[S]hotgun pleadings wreak havoc on the judicial system." <u>Id.</u> (quoting <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1130 (11th Cir. 2001)).

Even if the Court found that Plaintiff stated a valid claim and that Defendant was not entitled to sovereign immunity, Count Four of Plaintiff's Complaint fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Count Four of Plaintiff's Complaint states:

Under the statutory scheme of O.C.G.A. § 36-92-2, wherein a mandatory waiver of sovereign immunity as to the negligent use of a covered motor [vehicle] by local government entities exists, Plaintiff is entitled to recover from Defendant special damages, above-mentioned, including medical expenses, general damages, and damages for pain and suffering and lost wages, if any.

(Complaint ¶ 42). This assertion is a mere conclusion that Defendant is liable for Plaintiff's injuries, and the Court is not obligated to accept this asserted conclusion. See Twombly, 550 U.S at 555. Plaintiff alleges that the Accident was caused by Moore's negligent driving. (Complaint ¶¶ 12-13). Plaintiff also asserts that as "a direct and proximate result of Defendant's actions, Plaintiff received personal injuries" and "sustained physical pain and suffering, loss of enjoyment of life, as well as emotional and psychological distress." (Complaint ¶¶ 14-15). This claim is facially implausible. Defendant -- a non-corporeal entity -- was not driving the school bus that allegedly struck Plaintiff and did not actually cause the "personal injuries" and "pain and suffering" Plaintiff alleges. Rather, it was Moore

who allegedly caused Plaintiff's injuries, and Plaintiff's claim that Defendant's assertion of sovereign immunity caused his injuries is implausible.  See Twombly, 550 U.S. at 570.  Plaintiff has not alleged a basis for Defendant's liability for Moore's conduct -- a claim, even if it existed, that would be subject to Defendant's sovereign immunity.

Defendant's claim of sovereign immunity prevents Plaintiff from recovering damages from Defendant.  Plaintiff has failed to plead facts to allow the Court to draw a reasonable inference that Defendant is liable for Moore's alleged negligence.  See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Counts One, Two, and Four, in addition to failing to state a claim as a matter of law, fail to satisfy the pleading requirements of Twombly and Iqbal, and are required to be dismissed.

B.      Plaintiff's Motion for Leave to File Surreply

Plaintiff requests leave to file a surreply to Defendant's Reply in support of its Motion to Dismiss.  Plaintiff asserts that Defendant raised legal arguments and cited to cases in its Reply that were not raised or cited in its Motion, specifically that sovereign immunity is not the Defendant's policy and that sovereign immunity does not deprive Plaintiff of an adequate remedy at law.

The Federal Rules of Civil Procedure and the local rules for the Northern District of Georgia do not allow parties to file surreplies.  See Stephens v. Trust for Pub. Land, 475 F. Supp. 2d 1299, 1303 (N.D. Ga. 2007) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (declining to permit surreply)).  "To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs."  Garrison v. N.E. Ga. Med. Ctr. Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) (declining to permit surreply).  "[S]uch filings will typically be accepted by the Court only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review."  Stephens, 475 F. Supp. 2d at 1303; cf. Fedrick, 366 F. Supp. 2d at 1197 ("valid reason for . . . additional briefing exists . . . where the movant raises new arguments in its reply brief").  If the new arguments raised in a reply brief directly address arguments raised in the non-movant's response, no surreply is warranted.  Schutz Container Sys., Inc. v. Mauser Corp., 09-cv-3609, 2012 WL 1073153, at *1 (N.D. Ga. Mar. 28, 2012).

Defendant raised in its Motion both of the arguments Plaintiff now claims are "new." (Motion p. 4-5, 10-11).[14] Even if Defendant first raised these arguments in its Reply, they were raised to answer Plaintiff's Response. (See Response p. 14-21). Plaintiff has failed to provide a valid reason to warrant the Court allowing his requested surreply.

C.   Plaintiff's Motion for Leave to File Amended Complaint

Because Defendant's Motion to Dismiss is granted, the pending Complaint is dismissed and there is no pleading to amend. Even if there was, the Motion to Amend would be denied. Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, a party may amend only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Although the rule instructs that "leave shall be freely given when justice so requires," a district court may deny leave to amend for a number of reasons, including undue delay, bad faith, or when such amendment would be futile. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004); see also Maynard v. Bd. of Regents of Div. of Univs., 342 F.3d 1281, 1287 (11th Cir. 2003) (holding that district court did not abuse its discretion in denying a motion to amend filed on last day of the discovery because granting the motion "would have

---

[14]   Plaintiff notes in his Response that "Defendant argues [that] enforcement of the statute does not create an official policy."

produced more attempts at discovery, delayed disposition of the case, . . . likely prejudiced [the adverse party], [and] . . . there seems to be no good reason why [the movant] could not have made the motion earlier."). The decision whether to grant leave to amend rests in the sound discretion of the district court. Hall, 367 F.3d at 1262.

Plaintiff moves to amend his Complaint "to set forth more precisely the cause of action against Defendant." (Motion for Leave p. 1). Plaintiff asserts that his proposed Third Amended Complaint would address the pleading sufficiency issues raised by Defendant in its Motion to Dismiss. (Motion for Leave ¶ 5). Plaintiff asserts that leave should be given because his proposed complaint is only the second complaint filed in federal court, and that it is not untimely. (Reply in Support of Motion for Leave p. 7-10).

Even if the Court assumes that Plaintiff's Motion for Leave is timely,[15] the Court is required to deny Plaintiff's motion because the proposed amendments to his Complaint would be futile. "[T]he denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999). "Because justice does not

---

[15]    On October 18, 2013, the parties filed their Joint Preliminary Report and Discovery Plan [13], which provided that amendments to the pleadings submitted later than thirty (30) days after the plan was filed will not be accepted unless otherwise permitted by law.

require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).

Plaintiff's asserts that his proposed amendments address the pleading sufficiency issues raised by Defendant. Assuming, *in arguendo*, that Plaintiff's Third Amendment Complaint does properly address these concerns,[16] it does not overcome Defendant's claim of sovereign immunity. For this reason, Plaintiff's proposed amendments are futile, and his Motion for Leave is required to be denied.

---

[16] Plaintiff's complaint, while providing more details regarding his attack on § 36-92-1(3), still asserts in Court Four that if 36-92-2's waiver of sovereign immunity applied to Defendant, Plaintiff would be entitled to recover from Defendant for his injuries. Count Four of Plaintiff's Third Amended Complaint fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

III.    **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's First Motion to Dismiss [3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Second Motion to Dismiss [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Surreply [20] and Motion for Leave to File Amended Complaint [24] are **DENIED**.

**SO ORDERED** this 10th day of September, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE